**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Alfredo RUBIO–ESPINOZA,**
**Defendant–Appellant.**

No. 00–50687.
D.C. No. CR 99–529–R.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 6, 2002.*

Decided Feb. 25, 2002.

Before ARCHER,** O'SCANNLAIN
and SILVERMAN, Circuit Judges.

MEMORANDUM***

Alfredo Rubio–Espinoza ("Rubio–Espinoza") appeals his conviction and sentence

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable Glenn L. Archer, Jr., Senior Circuit Judge of the United States Court of Appeals for the Federal Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the

following his guilty plea to one count of being an illegal alien found in the United States following deportation, in violation of 8 U.S.C. § 1326(a). The facts and prior proceedings are known to the parties; they are not recited herein, except as necessary. We dismiss as untimely Rubio–Espinoza's appeal of his conviction,[1] and affirm his sentence.

■ On October 7, 1999, Rubio–Espinoza's judgment and commitment was entered on the district court's docket. He then had 10 days to file a notice of appeal. *See* Fed. R.App. P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal."); Fed. R.App. P. 4(b)(6) ("A judgment or order is entered for purposes of this Rule 4(b) when it is entered on the criminal docket."). These requirements are both mandatory and jurisdictional. *United States v. Eccles,* 850 F.2d 1357, 1363 (9th Cir.1988).

Rather than filing a notice of appeal, on October 18, 1999, Rubio–Espinoza filed a waiver of appeal of his conviction and sentence. Then, on November 3, 1999, the government filed a notice of appeal of Rubio–Espinoza's sentence only. Rubio–Espinoza thereby was placed on notice of the government's appeal, and he again had 10 days to seek to withdraw his waiver of appeal or to file a notice of appeal himself. *See* Fed. R.App. P. 4(b)(1)(A)(i)-(ii). He did not do so. His conviction therefore became final, and he was no longer entitled to appeal it directly.

■ This court's subsequent vacation of Rubio–Espinoza's sentence, its remand for resentencing, and Rubio–Espinoza's present appeal after resentencing do not affect the finality of Rubio–Espinoza's initial judgment of conviction or his waiver of its appeal. Section 3582(b) of Title 18 of the United States Code provides,

> Notwithstanding the fact that a sentence to imprisonment can subsequently be— (1) modified pursuant to the provisions of subsection (c); (2) corrected pursuant to the provisions of rule 35 of the Federal Rules of Criminal Procedure and section 3742; or (3) appealed and modified, if outside the guideline range, pursuant to the provisions of section 3742; *a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes.*

(Emphasis added). Subsequent resentencing proceedings may offer a defendant the opportunity to appeal the sentence imposed on remand, but they do not reset the clock to again allow the defendant to appeal the initial conviction. *Cf. United States v. Nagra,* 147 F.3d 875, 882 (9th Cir.1998) (refusing to review directly defendants' claims that their pleas were not supported by a factual basis where defendants could have brought these claims in a prior appeal). Further, Rubio–Espinoza did not file a motion in the district court seeking permission to file an out-of-time notice of appeal of the conviction based on "excusable neglect," and may not seek this relief here. *See* Fed. R.App. P. 4(b)(4), 26(b)(1). We therefore lack jurisdiction over Rubio–Espinoza's appeal of his conviction.

We have jurisdiction to review Rubio–Espinoza's sentence pursuant to 18 U.S.C.

---

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. Rubio–Espinoza claims that his plea was involuntary because the district court did not

sufficiently explain the nature of the charge against him pursuant to Fed.R.Crim.P. 11(c)(1).

§ 3742 and 28 U.S.C. § 1291. Nonetheless, we reject Rubio–Espinoza's argument that his sentence violates *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Rubio–Espinoza concedes that this issue, which he did not raise below, was decided by *United States v. Pachedo–Zepeda,* 234 F.3d 411, 414 (9th Cir.) (as amended), *cert. denied,* 532 U.S. 966, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001).

For the foregoing reasons, we **DISMISS** Rubio–Espinoza's appeal of his conviction and **AFFIRM** his sentence.

** The Honorable Thomas S. Zilly, United States District Judge for the Western District of Washington, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the